UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

           v.                                9:06-CV-0202
                                                    (TJM)(DRH)

JAY VICKERS DEWELL, M.D. and
ALICE HYDE MEDICAL CENTER,

                Defendants.

---

APPEARANCES:

HERMAN CARLEE MCMILLIAN[1]
Plaintiff *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

## DECISION AND ORDER

### I. BACKGROUND

      The Clerk of the Court has sent Plaintiff Herman Carlee McMillian's *pro se* complaint, together with an application to proceed *in forma pauperis* to the Court for its review. Dkt. Nos. 1, 2.[2]

      In his *pro se* complaint, Plaintiff claims that he sustained injury and damages as a result of a surgical procedure performed by Dr. Dewell at Alice Hyde Medical Center in 2000. Dkt. No. 1 at 4-6. At the time of the surgery, it appears that plaintiff was incarcerated at Clinton

---

     [1] Plaintiff has one other action pending in this District. *See McMillian v. Dewell, et al.*, No. 9:06-CV-417 (NAM)(DRH).

     [2] This action was transferred to this Court from the Eastern District of New York by Order of United States District Judge John Gleeson. Dkt. No. 4.

Correctional Facility. *Id*.

## II. DISCUSSION

Consideration of whether the court should permit a *pro se* plaintiff to proceed *in forma pauperis* is a two-step process. First, the court must determine whether the plaintiff may proceed with the action without prepaying, in full, the statutory filing fee. The court must then consider whether the causes of action that the plaintiff has set forth in his complaint are, among other things, frivolous or malicious or if they fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. Plaintiff's in forma pauperis application

The Court finds that plaintiff has satisfied the first test since his affidavit sets forth sufficient economic need. *See* Dkt. No. 2.

### B. Allegations in Plaintiff's complaint

The Court must now consider whether it should dismiss this case pursuant to 28 U.S.C. § 1915(e), which directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.*

In light of Plaintiff's *pro se* status, the Court has examined his complaint carefully to determine whether a basis exists for this Court to exercise jurisdiction over his claims. For the reasons that follow, the Court dismisses plaintiff's complaint as frivolous and for failure to state

a claim upon which relief may be granted.

1.  **Statute of limitations**

In his a complaint, plaintiff's claims against the defendants relate to conduct which purportedly occurred in 2000. Plaintiff filed this action on or about January 9, 2006. Dkt. No. 1 at 11. Since the applicable statute of limitations for § 1983 actions arising in New York requires that a plaintiff bring his claims within three years, *see Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995), Plaintiff's claims against the defendants that arose in 2000 are time-barred.

2.  *Res judicata*

> "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed. 2d 103 (1981)). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerika Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit ...." *Id.*

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3D 139, 141 (2d Cir. 2005).

In 2000, plaintiff commenced an action against defendants Dr. Dew and Alice Hyde Medical Center alleging injuries sustained after surgery performed on plaintiff by Dr. Dew[3] at

---

[3] The allegations against Dr. Dew in the 2000 action mirror the allegations against Dr. Dewell in this action. It appears that plaintiff was merely unsure of the spelling of the doctor's name, and that "Dr. Dew" and "Dr. Dewell" are one and the same. In fact, in an attachment to the complaint in this action, plaintiff refers to the defendant doctor as "Dr. Dewell, a/k/a Dr. Dew." Dkt. No. 1 at 20.

Alice Hyde Hospital in 2000. *See McMillian v. Dew*, No. 9:00-CV-1890 (LEK)(GJD) ("McMillian I"). McMillian I was dismissed on the merits because (1) plaintiff failed to allege any state action on the part of the defendants[4] and (2) plaintiff alleged claims for medical malpractice, or negligence, which are not actionable under Section 1983. *See id.*, Dkt. No. 19. Judgment was entered for the defendants in McMillian I. Dkt. No. 20. Since the present action involves the same transactions which formed the basis of McMillian I, and McMillian I was dismissed on the merits, the present action is barred by *res judicata*.

### 3. Negligence not actionable

This action is brought pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State ... subjects, or causes to
> be subjected, any citizen of the United States ... to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured....

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere.*" Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). An essential element of a § 1983 claim is that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994) (citing *Parratt v. Taylor*, 451 U.S. 527, (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Sykes*, 13 F.3d at 519 ("to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a

---

[4] While, in the present case, plaintiff tries to allege state action on the part of the defendants, since the complaint is being dismissed on other grounds, the Court need not address the issue of state action.

federal right.").

Plaintiff does not state a claim that is actionable under § 1983. At best, Plaintiff states a claim for negligence or medical malpractice, which does not rise to the level of a constitutional violation. *See Daniels*, 474 U.S. at 329-332 (negligence not actionable under § 1983); *Hemmy v. Fields et al.*, No. 95-CV-1202, slip op. at 3 (N.D.N.Y. Sept. 5, 1995) (Scullin, J.) (negligence is not actionable under § 1983) (citations omitted). "Allegations of medical malpractice or negligent failure to provide treatment will not suffice to support an action under 42 U.S.C. § 1983." *Sha v. Memorial Sloan-Kettering Cancer Center*, No. 99 Civ. 3233, 2000 WL 176883, at *2 (S.D.N.Y. Nov. 30, 2000) (citing *Owens v. Bellevue Hospital Center*, No. 95-9016, 1996 WL 134227, at *1 (2d Cir. Mar. 25, 1996) (unpublished disposition). Section 1983 claims are "not to be used to duplicate state tort law at the federal level." *Sha*, 2000 WL 176883, at *2 (citation omitted); *see also Obunugafor v. Borchert*, No. 01 CIV. 3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (same).[5]

**C.   Conclusion**

For all of the above-stated reasons, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.[6]

---

[5] Even if plaintiff's claim against these defendants could be framed in terms of a violation of plaintiff's constitutional rights under the Eight Amendment's prohibition against cruel and unusual punishment, plaintiff's claim would still fail because it is barred by the statute of limitations and *res judicata*.

[6] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d
(continued...)


**WHEREFORE**, having reviewed Plaintiff's complaint, the applicable law, and for the reasons stated herein, it is hereby

**ORDERED**, that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff; and it is further

**CERTIFIED**, that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Dated: May 10, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

[6](...continued)
129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).